CAMPBELL, Acting Chief Judge.
In these consolidated appeals, appellants seek review of the final judgment entered for appellees on appellees’ petition for declaratory action, writ of mandamus and injunctive relief. Appellees’ petition *1024 sought access pursuant to chapter 119, Florida Statutes (1989), to certain records, some of which are protected by federal law, in the possession of appellant, The Housing Authority of the City of St. Petersburg (S.P.H.A.). The final judgment found that, under the authority of chapter 119 and Forsberg v. The Housing Authority of The City of Miami Beach, 455 So.2d 373 (Fla.1984), appellees were entitled to inspect and to copy the records they sought that were in the possession of S.P.H.A. We affirm.
We write in this case to resolve a lingering dispute between the parties as to whether appellees sought or are entitled to, or the final judgment authorized, access to records in S.P.H.A.’s possession that occupy a confidential status because of the fact that S.P.H.A. obtained them from federal agencies where they occupied a confidential status under federal law. Appellees conceded at oral argument that they do not seek such records, and we hold that access to such records is not authorized.
Section 119.07(3)(a), Florida Statutes (1989), provides that all public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public are exempt from disclosure pursuant to chapter 119. Section 421.21(1), Florida Statutes (1989), provides that public housing authorities created pursuant to chapter 421 are authorized to cooperate with the federal government in the undertaking, construction, maintenance or operation of housing projects by such authorities and, in doing so, to enter into and comply with such agreements with the federal government or its agencies as may be necessary, convenient or desirable. When such an agreement has been entered into and provides that a housing authority will maintain the confidentiality of materials received from a federal agency that are by federal law confidential while in the possession of the federal agency, then those materials so received from a federal agency are by reason of section 119.07(3)(a) exempt from the disclosure provisions of chapter 119.
Subject to the clarification made in this opinion, the final judgment is affirmed.
LEHAN and THREADGILL, JJ., concur.